UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SEDALIA PIPPINS, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| vs. | § | CIVIL ACTION NO. 4:12-cv-2732 |
| | § | |
| RICK SCHNEIDER, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

## I.    INTRODUCTION

Pending before the Court are the defendants[1] joint motion for summary judgment (Dkt. Nos. 11 & 12), the plaintiffs,[2] Sedalia Pippins, Rufus Porter, Andrea Johnson, Jacqueline Bell-Toran, Theaola Robinson, Urica Samuel, Charles Solari and Benji's Special Education Academy, Inc.[3] ("Benji's Academy"), (collectively, the "plaintiffs"), response to the defendants' motion for summary judgment (Dkt. No. 13) and the defendants reply.  (Dkt. No. 14).  After having carefully considered the motion, responses, the record and the applicable law, the Court determines that the defendants' motion is meritorious and should be GRANTED.

## II.    FACTUAL OVERVIEW

Benji's Academy was closed by the Texas Education Agency ("TEA") on or about September 10, 2010, based on findings that conditions at Benji's Academy presented a danger to the health, safety and/or welfare of its students.  Following this decision, a hearing was conducted by a TEA hearing officer.  The hearing officer found that:  (a) school staff instructed students to discard communication to parents

---

[1]  The defendants are former employees of Benji's Special Educational Academy; Rick Schneider, former Superintendent; Ron Rowell, Superintendent; Kay Carr, Board Member; James Holman, Board Member; and Earnestine Patterson, Board Member.  Also included as a defendant is Robert Scott, Commissioner, Texas Education Agency.

[2]  The plaintiffs are former instructors at Benji's Academy.

[3]  Although Benji's Academy is a named plaintiff, there are no pleadings in the record to indicate that it has assented to the suit by its governing board and/or authorized the plaintiffs to move in its behalf.  In fact, no claim, apart from that of the teachers, is presented by the plaintiffs' pleadings.

notifying them that the school would suspend operations on September 14; (b) school staff told students that TEA did not think the students were good enough; (c) school staff directed students to ride on buses and attend classes scheduled on September 15; and (d) school staff obstructed the superintendent's access to school records and the school facility.

Benji's Academy was first opened as a daycare program for special needs children in a church in Houston, Texas in August of 1981.  Some 15 years later, its founder, Theoala Robinson, expanded the facility and began operating a second location.  Eventually, the school was chartered as a non-profit corporation with an enrollment of 180 students in classes from pre-kindergarten through the twelfth grade.  In October of 1998, the State Board of Education approved the corporation, Benji's Academy, as an "open enrollment" charter school.  As a public school, Benji's Academy had public obligations that the TEA, State Board of Education, and the U. S. Department of Education eventually determined were not being fulfilled.  Hence, on or about April 30, 2003, the TEA refused to renew the Academy's charter due to expire on July 31, 2003.  Instead, the TEA required the Academy to address a list of problems that, over the next five years, were not satisfactorily addressed.  Amongst the problems were unacceptable student performance, poor and inadequate financial management, and a lack of documentation accountability.  As a result, on September 16, 2010, the TEA suspended the Academy's authority to receive state funds and suspended all school programs and institution-related operations.

## III.  DISCUSSION

The plaintiffs brought this suit against the defendants pursuant to 42 U.S.C. § 1983, asserting that the closure of Benji's Academy deprived them of "due process" in connection with the Academy's closure and the loss of their jobs.  This issue, however, was addressed in a companion case, *Comb v. Benji Special Educ. Acad.*, which held that a group of teacher plaintiffs could not claim that the closure of the school violated their constitutional due process rights because their at-will employment agreements established that they did not have a protected property interest in continued employment.  *Comb*, No. H-10-3498, 2012 WL 1067395, *6 (S.D. Tex Mar. 28, 2012).  The Fifth Circuit, in a *per curiam* unpublished opinion affirming the district court's decision in *Comb*, stated:

> The district court correctly held that the plaintiffs cannot escape the administrative exhaustion requirements of the IDEA by pleading a cause of action under § 1983 based upon violations of their IDEA rights to notice. . . .  In ruling on the motion to dismiss, the district court could not consider the teacher plaintiffs' employment contracts, which contain an "At Will Statement."  However, on summary judgment, that evidence was properly considered by the district court and supports its conclusion that the teachers did not have a protected property interest in continued employment.

*Comb v. Rowell*, No. 12-20352, 2013 WL 5913615, *1 (5th Cir. May 9, 2013).

The plaintiffs, in the case at bar, are simply other instructors who taught at Benji's Academy and whose employment terminated upon closure of the school.  Hence, this Court finds the decisions in *Comb*--the district court's decision on summary judgment and the judgment on appeal—to be binding here.  Nothing new is presented and the legal position of plaintiffs, in relation to Benji's Academy, is identical to that of the *Comb* plaintiffs.  Therefore, the defendants' motion for summary judgment is GRANTED.

It is so **ORDERED**.

SIGNED on this 9th day of January, 2014.

Kenneth M. Hoyt
United States District Judge